UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

FRANK'S OILFIELD SERVICE, INC.,

    Debtor.                                                                             No. 11-06-10826 TF

**MEMORANDUM OPINION**

This matter is before the Court on the Chapter 11 Trustee's (the "Trustee's") Motion to Approve Settlement of Claims (New Mexico Litigation with Elm Ridge Exploration), filed November 13, 2012, doc. 404 (the "Settlement Motion"); the objection thereto filed by A&J Well Service (A&J") on December 7, 2012, doc. 409 (the "Objection"); and Jesus Villalobos ("Villalobos") Joinder in the Ojection [sic] of A & J Well Service, Inc. to Motion to Approve Settlement of Claims (New Mexico Litigation with Elm Ridge Exploration) filed March 19, 2012, doc. 435 (the "Joinder"). The Trustee asks the Court to, inter alia, strike the Joinder as untimely.[1] Villalobos argues that the Joinder should be considered to the same extent as a timely filed objection. The matter has been briefed by the parties. Being sufficiently advised, the Court finds that the Joinder should be stricken as untimely.

I.    FACTS

1.    On November 13, 2012, the Trustee filed the Settlement Motion, commencing this contested matter.

---

[1] This request is made in the Trustee's Brief in Opposition to Joinder Filed by Jesus Villalobos, filed April 4, 2013, doc. 443, and Chapter 11 Trustee's Response Brief in Opposition to Joinder Filed by Jesus Villalobos, filed April 15, 2012, doc. 446. Villalobos' position in support of the Joinder was set out in his Brief in Support of Objection to Motion to Approve Settlement of Claims by Joinder, filed April 4, 2013, doc. 442, and Reply to the Trustee's Brief in Opposition to the Joinder Filed by Jesus Villalobos, filed April 15, 2013, doc. 447.

2. On the same date, the Trustee gave notice of a 21-day deadline to object to the Settlement Motion (the "21-day Notice").

3. Adding three days for mailing (pursuant to Bankruptcy Rule 9006(f)), the last day to object to the Settlement Motion was December 7, 2012.

4. Jesus Villalobos ("Villalobos") timely received the 21-day Notice at the following address:

> Jesus Villalobos
> c/o Frank's Oilfield Service, Inc.
> P.O. Box 5073
> Farmington, NM 87499

5. On December 7, 2012, A&J filed the Objection.

6. Villalobos is affiliated with A&J.[2]

7. Villalobos and A&J have the same counsel in this contested matter.

8. On December 24, 2012, the Trustee moved to strike the Objection, arguing that A&J lacked standing.

9. On March 19, 2013, Villalobos filed the Joinder, which states in full:

NOW COMES Jesus Villalobus [sic], in his capacity as the holder of stock of the above-captioned Debtor ("Villalobus") [sic] and joins in the Objection of A&J Well Service, Inc. to Motion to Approve Settlement of Claims (New Mexico Litigation with Elm Ridge Exploration) (Doc. # 409), for the reasons stated therein.

10. On April 3, 2013, the Court granted the Trustee's motion to strike the Objection, ruling that A&J did not have standing because it will receive the same

---

[2] Notice of Transfer of Claim Other than For Security, doc. 407, p. 2; Notice of Transfer of Claim Other than For Security, doc. 413, p. 2.

-2-

dividend from the bankruptcy estate, whether or not the Settlement Motion is granted, and thus has no economic stake in the outcome.

## II. DISCUSSION

The issue before the Court is whether the Joinder should be stricken as untimely, and/or because it joined an objection that was stricken by the Court.

A. <u>The Joinder Was Filed 102 Days Late</u>. When a debtor or trustee seeks approval of a compromise, it is done by motion. Bankruptcy Rule 9019. Following the rule, the Trustee filed the Settlement Motion, thus commencing a "contested matter" as defined by Bankruptcy Rule 9014. Pursuant to Bankruptcy Rule 2002(a)(3), the Trustee was required to, and did, give parties in interest notice of his proposed settlement, with the required 21-day objection deadline.

If a party in interest files and serves an objection within the deadline, the Court sets the matter for hearing. New Mexico Local Bankruptcy Rule 9013-1.1(c)(1)(A). Otherwise, the movant

> shall promptly submit to the court a proposed form of order, reciting the notice given and the date of expiration of the time to object, in lieu of the default procedure set forth in Fed. R. Bankr. P. 7055.

New Mexico Local Bankruptcy Rule 9013-1.1(c)(1). The Court's local rules treat the submission and entry of an order granting a motion, if no objections are timely filed, as akin to entry of a default judgment. *See generally In re Meyer,* 373 B.R. 84, 96 (9th Cir. BAP 2007) (in a concurring and dissenting opinion, Judge Montali stated that a negative notice system in contested matters, such as the one used in New Mexico, substitutes for the two-step process required under in Fed.R.Civ.P. 55).

-3-

The deadline to object to the Settlement Motion was December 7, 2012. A&J filed its objection on the last day. The Joinder, however, was not filed until *102 days* after the objection deadline.

Villalobos neither asked the Court to excuse its late-filed Joinder, nor sought to provide evidence of good cause for missing the objection deadline by more than three months. Villalobos does not contend that he did not receive the 21-day Notice. There is nothing in the current record indicating "cause" for Villalobos' extremely late filing. Because of this, the Court will not consider whether to grant Villalobos relief from the natural consequences of a late-filed objection. *Cf. In re Gutierrez,* 2012 WL 5355964 (Bankr. D.N.M. 2012) (court granted a motion to allow creditor additional time to respond to Chapter 13 trustee's notice of final cure payment, given under Bankruptcy Rule 3002.1(i)).

B.  Calling the Late-Filed Objection a "Joinder" Does Not Cure the Default.

Although Villalobos' filing is entitled a "Joinder, it really isn't. In contested matters, the joinder rules of civil procedure[3] do not apply. Bankruptcy Rule 9014(c); *In re Downey Regional Medical Center Hosp., Inc.,* 441 B.R. 120 (9th Cir. BAP 2010) (acknowledging that Fed.R. Civ. P. 19 does not apply in contested matters); *In re Fort Wayne Foundry Corp.,* 2009 WL 2524493, at *2 (Bankr. N.D. Ind. 2009) (logistical problems trying to identify and satisfy all of the different notice and hearing requirements for multiple parties are what prompted the decision not to allow joinder of claims in contested matters). Thus, Villalobos' Joinder does not function in the sense normally used in civil

---

[3] i.e., Fed.R.Civ.P. 18 (Joinder of Claims); 19 (Required Joinder of Parties); and 20 (Permissive Joinder of Parties).

-4-

litigation. Instead, to "join" in a contested matter filing means nothing more than to agree with the position taken by the party being joined. By his Joinder, Villalobos agreed with and adopted the positions taken by A&J in its Objection.[4]

Villalobos could not cure the extreme tardiness of his objection by "joining" a timely-filed objection. If that stratagem worked, there could be no late filings in any contested matters as long as there was one timely filing. For example, in *In re Andrews*, 2008 WL 8013406, at *2 (Bankr. S.D. Cal. 2008), the Court said when addressing a late-filed "joinder":

> The Court can discern from the joinder no reason justifying acceptance of this pleading given the delay in its filing and no reason to justify any continuance of the hearing in connection therewith. … [I]t is not unreasonable for consequences to follow a delay that is totally unexplained, apparently unjustified, and almost two-weeks long. As a result, the Debtors' joinder was and is stricken.

The 102-day delay in this contested matter is nearly eight times longer than the delay addressed in *Andrews*.

The Court's ruling does not hinge upon the fact that the Objection was stricken for A&J's lack of standing. Villalobos apparently does have standing to object to the Settlement Motion. Had the Joinder been timely filed, the Court would have considered it, since it essentially incorporates by reference the arguments made in the Objection, and the only reason the Objection was stricken was A&J's lack of standing.

  C. <u>The Court Does Not Need to Make Findings About the Proposed Settlement</u>. Because the Settlement Motion will be deemed to be uncontested once the

---

[4] Even if Fed.R.Civ.P. 20 did apply, the Court would deny Villalobos' joinder request as untimely. *See e.g. French v. Sellers,* 2007 WL 788863, at *1 (M.D. Ga. 2007) (district court denied Rule 20 joinder motion as untimely, when filed after discovery had closed).

-5-

Joinder is stricken, the Court will enter an order granting the Settlement Motion without further order or hearing. New Mexico Local Bankruptcy Rule 9013-1.1(c)(1). There is no need to make findings of fact or conclusions of law. *Id.* *See also* Fed.R.Civ.P. 52(a)(1) (requiring the Court to find facts and state conclusions "in an action tried on the facts …." Entry of an order granting the Settlement Motion will be treated as the equivalent of a default judgment, so no such findings and/or conclusions are required. *See e.g., Foxtrap, Inc. v. Foxtrap, Inc.,* 671 F.2d 636, 639 (D.C. Cir. 1982) (with a default judgment, court need not render findings and conclusions on portion of the case not "tried upon the facts"); *Brown v. Kenron Aluminum & Glass Corp.,* 477 F.2d 526, 531 (8th Cir. 1973) (same); *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991) (same); *Northern California-Northern Nevada Sound and Communications Employee Ben. Trust Funds v. Spartan Engineering, Inc.,* 2008 WL 2951905, at *1 (N.D. Cal. 2008) (same).

Villalobos' reliance on *In re Wiley,* 2010 WL 964082 (Bankr. D.N.M. 2010), and *In re Kopexa Realty Venture Co.,* 213 B.R. 1020, 1023-24 (10th Cir. BAP 1997), is misplaced. Those cases dealt with court approval of proposed B.R. 9019 settlements that had been properly and timely objected to. Here, by contrast, the objection (Joinder) was very late and consequently will be stricken. The Court will treat the matter as uncontested. In such cases the *Wiley/Kopexa* standards do not apply. Instead, as discussed above, the default judgment standards apply, where the allegations in the Settlement Motion are deemed admitted. *See Brown,* 477 F.2d at 531 ("The allegations of the complaint except as to the amount of damages are taken as true"). *See also*

-6-

*Trustees of the I.B.E.W. Local 405 Health & Welfare Fund v. Tichy Elec. Co., Inc.,* 2008 WL 154641, at *4 (N.D. Iowa 2008) (quoting *Brown*); *Cedar Rapids Lodge & Suites, LLC v. JFS Development, Inc.,* 2012 WL 5269015, at *1 (N.D. Iowa 2012) (when a defendant is in default, facts alleged in the complaint are taken as true); *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir.2001) (same).

### III. CONCLUSION

The Court will treat the Joinder as a very untimely objection, and will strike it. To do otherwise would mean that objections deadlines in this district would have little or no meaning, a rule that would substantially disrupt the administration of New Mexico bankruptcy cases. The Court will enter a separate order striking the Joinder. The Trustee should submit promptly a form of order granting the Settlement Motion.

_____
DAVID T. THUMA
United States Bankruptcy Judge

Entered on docket: August 9, 2013.

Copies to:

William F. Davis
6709 Academy NE, Ste. A
Albuquerque, NM 87109

Patrick W. Carothers
Leech, Tishman, Fuscaldo & Lampl, LLC
525 William Penn Place, 30th Floor
Pittsburgh, PA, 15219